IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John K. Massey, Jr., ) | C/A No. 1:12-1355-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Moss Justice York County Detention Center; ) | |
| Tammy Dover, R.N.; Dr. James Jewell, ) | |
| M.D., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the Moss Justice Detention Center ("MJDC") in York, South Carolina. He brings this action alleging violations of 42 U.S.C. § 1983 against MJDC employees. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to one of the three defendants.

I.    Factual and Procedural Background

Plaintiff alleges he had an operation for cancer in 2010 while he was incarcerated at MJDC, and at some point he was released on a bond so he could have follow-up treatments and another possible operation. [Entry #1 at 3]. Plaintiff alleges that in July 2011, he was arrested again and returned to MJDC. *Id.* He alleges that he informed Dr. Jewell at sick call

in July 2011 that he had cancer previously on his buttocks and if the cancer returned, that Dr. Crain, an outside physician, needed to treat it. *Id.* He alleges the tumor began to grow in September 2011 and he went to sick call to show Dr. Jewell, who noted the growth and informed Plaintiff that he could do nothing. *Id.* Plaintiff alleges he went to sick call at least four times to seek treatment for his cancerous growth until Nurse Tammy Dover told Dr. Jewell to stop seeing Plaintiff. [Entry #1 at 4]. Plaintiff alleges that persons in medical stopped measuring his tumor in November 2011, instructed him to discontinue signing up for sick call, and the tumor was growing large and causing pain. *Id.* Allegedly, Tammy Dover instructed other nurses to discontinue assessing Plaintiff's tumor. [Entry #1 at 5].

He alleges his cancer is spreading and that he is in pain, for which he alleges he only receives Tylenol. *Id.* Plaintiff alleges Tammy Dover notified him that he would not be permitted to have an appointment with Dr. Crain and that Plaintiff had neglected his follow-up treatment in 2010. [Entry #1 at 4]. Plaintiff denies having neglected his follow-up treatment. *Id.* Plaintiff seeks damages for his pain and suffering from Tammy Dover, R.N., Dr. James Jewell, MJDC, and possibly against the Medical Department of the York County Detention Center.[1] [Entry #1 at 8].

---

[1] Although not named in the caption, on page two of the complaint, Plaintiff indicates that he may have intended to sue the "Medical Department" of the detention center instead of the detention center itself. It is unclear whether he intends them as two separate defendants, and the Clerk of Court listed only the MJDC as a defendant on the docket.

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements to state a cognizable claim: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Defendant "Moss Justice York County Detention Center" is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983). Therefore, because defendant MJDC is not a "person" pursuant to § 1983, Plaintiff has failed to state a claim on which relief may be granted against it. It is recommended that this defendant be dismissed.

Additionally, even if Plaintiff intended to name the Medical Department of the MJDC as a separate defendant, it is not amenable to suit, as the Medical Department is a facility, department, or, at most, may include a group of people working in the medical department. However, groups of people are not amenable to suit under § 1983. *Id.* (finding that Food

4

Service Supervisors was a group of people not subject to suit); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). Therefore, to the extent that Plaintiff intended to sue the Medical Department of the MJDC, it is also subject to dismissal because Plaintiff failed to state a claim on which relief may be granted against it.

III. Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss defendant Moss Justice York County Detention Center from this action without prejudice and without service of process. In a separately-filed order, the undersigned is authorizing service of process upon Tammy Dover, R.N. and Dr. James Jewell.

IT IS SO RECOMMENDED.

*[signature]*

July 6, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).